# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Action No. 07-cv-01671-LTB

TRENT FOGLE, EVAN FOGLE, CURTIS FOGLE, and CRAIG FOGLE,

    Plaintiffs,

v.

U.S. ENGINEERING COMPANY,

    Defendant.

___

**ORDER**
___

This employment case is before me on Defendant, U.S. Engineering Co.'s, Motion to Dismiss [**Docket # 5**], Plaintiffs' Response [**Docket # 8**], and Defendant's Reply [**Docket # 11**]. This case was originally filed in Larimer County District Court and alleged one claim of wrongful discharge in violation of public policy under Colorado state law. Nonetheless, Defendant removed to this Court on August 8, 2007, claiming federal question jurisdiction. [**Docket # 1**]. As it is clear I have no jurisdiction over this matter, however, I construe Plaintiffs' jurisdictional objection in their Response [**Docket # 8**] as a Motion to Remand and remand to the state court. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Plantiffs' Complaint alleges the following facts. Plaintiffs are a family of four sheet metal workers residing in Loveland, Colorado. All four were employed by Defendant. On or about July 20, 2005, Trent Fogle injured his back while on the job. When he informed Defendant he

intended to seek medical treatment for his injuries, he was fired. He subsequently sought benefits under Colorado's Workers' Compensation Act, which Defendant unsuccessfully opposed. In April 2006, Evan Fogle lacerated two of his fingers in an on-the-job accident and also sought workers' compensation benefits. Evan, Curtis, and Craig Fogle were then fired as well.

Plaintiffs' single claim alleges wrongful discharge in violation of public policy, a well-established state law cause of action first recognized by the Colorado Supreme Court in *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100 (Colo. 1992). Defendant removed to this Court on the basis that "Plaintiffs' claim is inextricably intertwined with federal labor law, and, therefore, invokes the original jurisdiction of this Court under 28 U.S.C. § 1331." [**Docket # 1**]. Defendant asserts Plaintiffs "intend to argue" Defendant conspired with the Sheet Metal Workers Local 9 (the "Union") to deprive them of future work. Therefore, Plaintiffs' state law claims should be preempted by federal labor law as arising under the exclusive jurisdiction of the National Labor Relations Board. *See Farmer v. United Bhd. of Carpenters and Joiners of Am., Local 25*, 430 U.S. 290, 303–07 (1977). Plaintiffs' Complaint, however, contains nary a hint of such an allegation. Defendant's argument that Plaintiffs' basis for claiming lost wages must be the alleged Union interference ignores the obvious: Plaintiffs claim lost wages because—as their Complaint clearly states—they were wrongfully terminated in violation of public policy.

No federal question being raised—and absent any basis for diversity jurisdiction—removal to this Court was improper. Even if Plaintiffs had alleged malapropos Union conduct in their Complaint, however, the unique and complex state law questions raised by Plaintiffs' present claim would caution against exercising supplemental jurisdiction over the wrongful discharge claim. *See* 28 U.S.C. § 1367(c)(1). Under the well-established doctrine of comity to the states,

Colorado courts have an interest in enforcing and interpreting their own laws that weighs strongly in favor of remand.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988).  Plaintiffs' wrongful discharge claim—at least to the extent it includes Curtis and Craig Fogle—seeks to extend Colorado's public policy exception to the at-will doctrine to employees who are terminated when a *family member* asserts a protected legal right.  Plaintiffs' claim raises complex and novel state law arguments for expanding Colorado law that make resolution of the issue inappropriate for this Court in this case.

The rule that limits my jurisdiction to cases properly before me is inflexible and without exception.  *Ins. Corp. of Ireland, supra*, 456 U.S. at 702.  When a party does not raise a proper subject matter jurisdiction challenge, I am required to do so *sua sponte*.  *Id*.

Accordingly, on my own motion, I find I have no jurisdiction over this matter and REMAND to the state court for lack of jurisdiction.

Dated: November   7  , 2007.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge

3